**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 25-cv-2933-WJM-CYC

ALISHA YORK, as natural mother of
a minor on behalf of C.Y.,

     Plaintiff,

v.

UA ATTRACTIONS, LLC,

     Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

---

Before the Court is Defendant UA Attractions, LLC's ("Defendant" or "UA

Attractions") Motion to Compel Arbitration (the "Motion"). (ECF No. 13.) Plaintiff Alisha

York, as natural mother of a minor on behalf of C.Y., filed a response (ECF No. 18), to

which Defendant filed a reply (ECF No. 22).

For the reasons set forth below, the Motion is denied.

**I. BACKGROUND[1]**

Littleton Urban Air, LLC ("Littleton Urban Air") is part of the national Urban Air

franchise system of trampoline parks. (ECF No. 4 at ¶ 9.) As pertinent here, Littleton

Urban Air has an obstacle called "Wipe Out," which Plaintiff alleges "was designed,

manufactured, installed, and/or supplied by" UA Attractions. (*Id.* at ¶ 10.) This lawsuit

---

[1] This Background is derived from the parties' briefs on the Motion (ECF Nos. 13, 18, 22) and the allegations in the Complaint (ECF No. 4), which the Court assumes as true for the purposes of this Motion. All citations herein are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

arises from injuries C.Y. allegedly sustained to her leg on the Wipe Out obstacle at

Littleton Urban Air in June 2022.  (*Id.* at ¶ 15.)

UA Attractions avers that, "to enter the Park and as a condition precedent to

participate in Urban Air's activities," York was required to electronically sign a Release

and Indemnification Agreement (the "Release") on behalf of herself and C.Y.  (ECF No.

13 at 2.)  A copy of the Release, electronically executed by York on May 31, 2022, is

appended to the Motion as Exhibit 1.  (ECF No. 13-1.)

The preamble to the Release states it "is entered into by the Adult Participant,

and . . . the Adult Participant on behalf of and as parent or legal guardian for such Child

Participant(s) identified below in favor of Littleton Urban Air, LLC [] . . . [i]n consideration

of Urban Air permitting Participant to enter the Premises and participate in the

Activities."  (*Id.* at 1.)  The material "Release and Indemnity" provision states:

> 5. RELEASE AND INDEMNITY.  **TO THE FULLEST EXTENT PERMITTED BY LAW, ADULT PARTICIPANT ON BEHALF OF HIMSELF, CHILD PARTICIPANT, AND THEIR HEIRS, EXECUTORS, AND REPRESENTATIVES RELEASES, AGREES NOT TO SUE, AND SHALL IMDEMNIFY [LITTLETON] URBAN AIR, UATP MANAGEMENT, LLC, UATP IP, LLC, UA ATTRACTIONS, LLC, . . . (COLLECTIVELY, PROTECTED PARTIES) FROM AND AGAINST ALL LIABILITIES, LOSSES, DAMAGES, CLAIMS, DEMANDS, ACTIONS, SUITS, CAUSES OF ACTION, COSTS, FEES, AND EXPESNSES . . . RELATING TO, RESULTING FROM, OR ARISING OUT OF OR ALLEGED TO HAVE ARISEN OUT OF (IN WHOLE OR IN PART) ANY PROPERTY DAMAGE OR BODILY INJURY . . . TO PARTICIPANT RESULTING IN ANY WAY FROM (A) PARTICIPANT'S USE OF THE PREMISES, (B) PARTICIPANT'S ACTIVE OR PASSIVE PARTICIPATION IN THE ACTIVITIES, . . . .  THIS RELEASE AND INDEMNITY SHALL APPLY EVEN IF ANY THE CLAIM [*SIC*] IS CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, GROSS NEGLIGENCE, STRICT LIABILITY, OR WILLFUL MISCONDUCT OF THE**

**PROTECTED PARTIES OR PARTICIPANT. . . .**

(ECF No. 13-1 at 1 § 5 (emphasis in original).)  And, in the event of a
dispute, the Release further provides that

> A. ARBITRATION.  Any dispute or claim arising out of or
> relating to this Agreement, breach thereof, the Premises,
> Activity, property damage (real or personal), personal injury
> (including death), or the scope, arbitrability, or validity of this
> arbitration agreement (Dispute) shall be brought by the
> parties in their individual capacity and not as a plaintiff or
> class member in any purported class or representative
> capacity, and settled by binding arbitration before a single
> arbitrator administered by the American Arbitration
> Association (AAA) per its Commercial Industry Arbitration
> Rules in effect at the time the demand for arbitration is filed. .
> . .

> B. WAIVER OF JURY TRIAL.  **TO THE EXTENT PERMITTED
> BY LAW, ADULT PARTICIPANT AND [LITTLETON]
> URBAN AIR KNOWINGLY, willingly, AND VOLUNTARILY,
> WITH FULL AWARENESS OF THE LEGAL
> CONSEQUENCES, AFTER CONSULTING WITH
> COUNSEL (OR AFTER HAVING WAIVED THE
> OPPORTUNITY TO CONSULT WITH COUNSEL) AGREE
> TO WAIVE THEIR RIGHT TO a JURY TRIAL OF ANY
> DISPUTE AND TO RESOLVE ANY AND ALL DISPUTES
> THROUGH ARBITRATION. . . .**

(*Id.* at § 6 (emphasis in original).)

Plaintiff filed this lawsuit against UA Attractions in Colorado state court in August
2025, asserting strict liability for defective design, strict liability for failure to warn, and
negligence.  (ECF No. 4.)[2]  UA Attractions timely removed the action.  (ECF No. 1.)  It
now asks the Court to enter an Order dismissing this matter and compelling the parties
to arbitration pursuant to the dispute resolution procedures set forth in the Release.
(ECF No. 13.)

---

[2] Plaintiff's Complaint appears to incorporate additional causes of action pertaining to an
unrelated dispute.  (*See id.* at ¶¶ 50–112.)  The Court presumes these allegations were included
in error and disregards them herein.

3

## II. ANALYSIS

As "[t]he party seeking to compel arbitration," UA Attractions "bears the burden of establishing that the matter at issue is subject to arbitration." *Tetra Tech Inc. v. Town of Lyons,* 641 F.Supp.3d 1042, 1055 (D. Colo. 2022) (citing *Hancock v. Am. Tel. & Tel. Co., Inc.,* 701 F.3d 1248, 1261 (10th Cir. 2012)). Plaintiff argues UA Attractions has failed to carry this burden for three reasons: (1) as a threshold matter, "the Release does not create any agreement to arbitrate between Plaintiff and Defendant"; and (2) even if it did, "the arbitration clause itself is procedurally substantively unconscionable" and (3) "the Release containing the arbitration provision is void and unenforceable in its entirety because it is unconscionable and contrary to public policy." (ECF No. 18 at 5.) Ultimately, the Court need not reach Plaintiff's unconscionability arguments because it agrees with her first contention: the Release does not create an agreement to arbitrate between Plaintiff and UA Attractions in the first instance.

"Although the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (FAA), 'strongly favors enforcement of agreements to arbitrate,'" *Fucci v. First Am. Title Ins. Co.,* 153 F.4th 1129, 1138 (10th Cir. 2025) (quoting *Hill v. Ricoh Ams. Corp.,* 603 F.3d 766, 777 (10th Cir. 2010) (brackets and internal quotation marks omitted)), arbitration is ultimately "a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002) (internal quotation marks omitted). Put another way, "the FAA does not authorize federal courts 'to favor arbitration over litigation'; it makes 'arbitration agreements as enforceable as other contracts, but not more so.'" *Brock v. Flowers Foods, Inc.,* 121 F.4th 753, 760 (10th Cir. 2024) (quoting *Morgan v. Sundance, Inc.,* 596

4

U.S. 411, 418 (2022) (internal quotation marks omitted)).  "A court addressing a motion

to compel arbitration therefore must first determine whether there exists an enforceable

agreement to arbitrate."  *Brayman v. KeyPoint Gov't Sols., Inc.,* 83 F.4th 823, 832 (10th

Cir. 2023) (citing *Granite Rock Co. v. Int'l Bd. of Teamsters,* 561 U.S. 287, 299–300

(2010); *Rent-A-Center, W., Inc. v. Jackson,* 561 U.S. 63, 71 (2010)).

"The scope of the arbitration agreement, including the question of who it binds, is

a question of state contract law."  *Reeves v. Enterprise Prods. Partners, LP,* 17 F.4th

1008, 1011 (10th Cir. 2021).  Here, the parties agree that Colorado law applies.  (ECF

No. 13 at 4; ECF No. 18 at 5.)

In keeping with the notion that "arbitration is a matter of contract," *Howsam,* 537

U.S. at 83, the Colorado courts have generally recognized that, "when the requirement

to arbitrate is created by an agreement, it can be invoked only by a signatory of the

agreement, and only against another signatory."  *Smith v. Multi-Fin. Sec. Corp.,* 171

P.3d 1267, 1272 (Colo. App. 2007); *see also N.A. Rugby Union LLC v. United States of

Am. Rugby Football Union,* 442 P.3d 859, 863 (Colo. 2019) (citing same).  But, while it

is apparent that York is a signatory to the Release, (ECF No. 13-1 at 2), the same

cannot be said of UA Attractions.

Examining the Release's plain language,[3] UA Attractions is referred to by name

in just one section: "5. Release and Indemnity."  (*Id.* at 1.)[4]  Specifically, UA Attractions

---

[3] "In construing an arbitration agreement, [the Colorado Supreme Court] look[s] to the
plain and ordinary meaning of the terms of that agreement, and [it] construe[s] the agreement to
effectuate the parties' intent and the purposes of the agreement."  *N.A. Rugby Union,* 442 P.3d
at 863.

[4] Unless otherwise noted, the Court has omitted in this Section II all bold, underline, and
capitalized emphasis in the quoted provisions of the Release for readability.

is included therein among a list of contractually defined "Protected Parties" that Plaintiff

purportedly agreed to "release[] . . . and . . . indemnify . . . from and against all liabilities

. . . relating to . . . bodily injury to Participant . . . ."  (*Id.*)  The "Protected Parties" are

thereafter referenced in a handful of other instances in the Release, including but not

limited to in "7. <u>License</u>," pursuant to which "Participant . . . grants the Protected Parties

the right to use all or a portion of an image or video of Participant"; in "9.

<u>Acknowledgements</u>," pursuant to which "Participant represents to the Protected

Parties," among other things, "that Participant is voluntarily entering into this

Agreement"; and in "10. <u>Representations by Participant</u>," in which "Participant

represents to the Protected Parties," among other things, that "Participant shall obey all

rules while participating in the Activities . . . ."  (*Id.*)

Where the "Protected Parties" are critically *not* mentioned, however, is in "6.

<u>Dispute Resolution</u>."  (*Id.*)  That provision instead states that "[a]ny dispute or claim

arising out of or relating to this Agreement . . . shall be brought by *the parties* in their

individual capacity . . . and settled by binding arbitration . . . ."  (*Id.* (italics added).)  To

the extent there were any question as to whom "the parties" was intended to refer, the

subsection immediately following appears to clarify in stating that, "*Adult Participant and

[Littleton] Urban Air* knowingly, willingly, and voluntarily . . . agree to waive their right to

a jury trial . . . ."  (*Id.* (italics added).)

The Court finds further support for the conclusion that "the parties" refers only to

"the Adult Participant" and Littleton Urban Air in the preamble to the Release, which

prefaces that the agreement is being entered into by "the Adult Participant," on their

own behalf and "on behalf of and as parent or legal guardian for such Child

Participant(s) identified below *in favor of Littleton Urban Air, LLC,*" exclusively.  *Id.* at 1

(emphasis added).)

Taking all the foregoing together, the Court concludes, based on its interpretation

of the Release's plain language, that the agreement to arbitrate is between the "parties"

to the Release, generally—*i.e.,* the "Adult Participant" and Littleton Urban Air—not the

"Protected Parties."

Still, this conclusion does not necessarily end the inquiry, as there are several

theories under which even a nonsignatory may enforce an agreement to arbitrate.

"[T]raditional principles of state law allow a contract to be enforced by or against

nonparties to the contract through assumption, piercing the corporate veil, alter ego,

incorporation by reference, third-party beneficiary theories, waiver and estoppel."  *Arthur*

*Andersen LLP v. Carlisle,* 556 U.S. 624, 631 (2009) (internal citation and quotation

marks omitted); *see also N.A. Rugby Union,* 442 P.3d at 863–64 (adopting "the

following theories for binding a nonsignatory to an arbitration agreement: (1)

incorporation of an arbitration provision by reference in another agreement; (2)

assumption of the arbitration obligation by the nonsignatory; (3) agency; (4) veil-

piercing/alter ego; (5) estoppel; (6) successor-in-interest; and (7) third-party

beneficiary").

UA Attractions correctly recognizes in its briefing that, under certain

circumstances, a nonsignatory may be bound by an arbitration agreement.  (ECF No.

13 at 5.)  But, it does so in the context of arguing why the minor Plaintiff, C.Y., should be

bound by an arbitration agreement signed by her mother.  (*Id.* at 6.)  In other words, UA

Attractions has apparently failed to recognize that it is itself a nonparty to the arbitration

agreement, and it accordingly has not developed any argument as to which one or more

of the foregoing theories might enable it to enforce the arbitration agreement against

Plaintiff.  Instead, UA Attractions argues that the arbitration agreement "applies" to it

because "Plaintiff has brought a claim against a Protected Party under the Agreement,

which is a breach of the Release and Indemnity section," and the arbitration agreement

covers "<u>any</u> claim arising out of the Agreement as a whole."  (ECF No. 22 at 8

(emphasis in original).)  Even assuming the Court agreed with UA Attractions that

Plaintiff's claims against it "aris[e] out of the Agreement" (which it does not find),[5] in

focusing on the substance of Plaintiff's claims against it, UA Attractions skips over the

threshold question of whether a contract was ever formed between Plaintiff *and UA*

*Attractions* in the first place.

For similar reasons, the Court is also unpersuaded by UA Attractions' assertion

that it is the arbitrator who should decide whether there is an agreement to arbitrate

between Plaintiff and UA Attractions in the first instance.  (*Id.* at 3–6.)  "Courts should

not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and

unmistakabl[e]' evidence that they did so."  *First Options of Chicago, Inc. v. Kaplan,* 514

U.S. 938, 944 (1995).  Importantly, the "clear and unmistakable" requirement "pertains

to the parties' *manifestation of intent*, not the agreement's *validity*."  *Rent-A-Center,* 561

U.S. at 69 n.1 (emphasis in original).  Here, there is no clear and unmistakable evidence

---

[5] *See, e.g., Beaumont Adventure Park Urban Air, LLC v. Geter as Next Friend of K.G.,*
2024 WL 4163646, at *3–4 (Tex. App.—Houston [14th Dist.] Sept. 12, 2024) (rejecting UATP
Management, LLC, UATP IP, LLC, and UA Attractions, LLC's contention that the plaintiff's
negligence and product liability claims should be arbitrated notwithstanding that those
defendants were nonsignatories because the plaintiff's claims "all relate[d] back to the
agreement").

that Plaintiff and UA Attractions agreed to arbitrate arbitrability because there is no

evidence that Plaintiff and UA Attractions agreed to arbitrate *at all.  See Belnap v. Iasis*

*Healthcare,* 844 F.3d 1272, 1293 (10th Cir. 2017) (affirming denial of nonsignatory

defendants' motion to compel arbitration notwithstanding that the arbitration agreement

at issue contained a delegation clause).

In sum, UA Attractions has failed to carry its burden to show either that (1) there

is an agreement to arbitrate between Plaintiff and UA Attractions or (2) that UA

Attractions otherwise has standing to enforce the arbitration agreement in the Release

against Plaintiff under one of the theories applicable to nonsignatories.  UA Attractions'

Motion is thus denied.  *Cf. Beaumont Adventure Park Urban Air,* 2024 WL 4163646, at

*3–4 (affirming denial of UATP Management, LLC, UATP IP, LLC, and UA Attractions,

LLC's motion to compel arbitration based on its review of identical contract language);

*Sugar Land Urban Air, LLC v. Lakhani,* 2022 WL 904776, at *3–5 (Tex. App.—

Texarkana May 29, 2022) (affirming denial of UATP Management, LLC and UA

Holdings, LLC's motion to compel arbitration where they "were not parties to the

Release or to the arbitration agreement" and "did not assert any theory under which

they should be able to compel [Plaintiff] to arbitration"); *see also Coppi v. Fam.*

*Adventures N. Jersey, LLC,* 2025 WL 1189908, at *1–2 (N.J. Sup. Ct. Apr. 24, 2025)

(vacating that portion of trial court's decision compelling arbitration between plaintiff and

UATP Management, LLC and remanding for the trial court to consider the arbitration

provision's applicability to UATP in the first instance).

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendant UA Attractions, LLC's Motion to Compel Arbitration (ECF No.

13) is DENIED;

2.      The stay previously imposed at ECF No. 31 is LIFTED; and

3.      The parties are DIRECTED to jointly contact the Chambers of Magistrate

Judge Cyrus Y. Chung to set a Scheduling Conference by no later than **January 9,**

**2026**.


Dated this 7th day of January, 2026.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

10