**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 25-cv-2933-WJM-CYC

ALISHA YORK, as natural mother of
a minor on behalf of C.Y.,

      Plaintiff,

v.

UA ATTRACTIONS, LLC,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO REMAND
AND DIRECTING PAYMENT OF PLAINTIFF'S ATTORNEY FEES AND COSTS**

---

Before the Court is Defendant UA Attractions, LLC's ("Defendant" or "UA

Attractions") Motion to Remand and Notification of Attempt to File Joint Motion in

Compliance with January 30, 2026 Order (the "Motion").  (ECF No. 42.)  Plaintiff Alisha

York, as natural mother of C.Y., a minor, ("Plaintiff") filed a response (ECF No. 44), to

which Defendant filed a reply (ECF No. 45).

For the reasons set forth below, the Motion is granted, with the caveat that

Defendant shall pay Plaintiff's attorney fees and costs incurred as a result of

Defendant's removal of this action to this Court.

### I. APPLICABLE LAW

"Federal courts are courts of limited jurisdiction; they must have a statutory basis

for their jurisdiction."  *Rural Water Dist. No. 2. v. City of Glenpool,* 698 F.3d 1270, 1274

(10th Cir. 2012) (quotation omitted).  The federal removal statute, 28 U.S.C. § 1441,

permits a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In this case, Defendant invoked the diversity jurisdiction statute, 28 U.S.C. § 1332, when removing the case to federal court. (*See generally* ECF No. 1.)

"In order to invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson,* 733 F.3d 980, 987 (10th Cir. 2013) (internal citation and quotation marks omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

"A court's subject matter jurisdiction 'can never be waived or forfeited.'" *Woods v. Ross Dress for Less, Inc.,* 833 F. App'x 754, 762 (10th Cir. 2021) (quoting *Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012)). Thus, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II. ANALYSIS

The Court is faced with a remarkable request. Defendant, who removed this action to federal court as an initial matter, now asks the Court to remand the case to state court because it has purportedly discovered a jurisdictional defect pertaining to its *own citizenship.* (ECF No. 42 at 1.)

Defendant, as "an LLC [and] unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015); *see also ConAgra Foods, Inc. v. Americold Logistics, LLC,* 776 F.3d 1175, 1180 (10th Cir. 2015) (holding Supreme Court precedent "dictates that the

2

citizenship of any non-corporate artificial entity is determined by considering all of the entity's members"). "When an LLC's members themselves are unincorporated associations such as additional LLCs or limited partnerships, the citizenship of the LLC party is determined by a complete upstream analysis of its organizational structure." *SFF-TIR, LLC v. Stephenson,* 250 F. Supp. 3d 856, 1022 (N.D. Okla. 2017) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt., LLC,* 692 F.3d 42, 49 (2d Cir. 2012)).

For the first time, Defendant discloses in its Motion and accompanying supporting documentation that it is "a Texas limited liability company, wholly owned by Unleashed Brands, LLC, a Delaware limited liability company, which is wholly owned by Leviathan Intermediate Holdco, LLC, a Delaware limited liability company, which is wholly owned by UA Holdings, LLC, a Delaware limited liability company." (ECF No. 42-1 at 1.) And UA Holdings, LLC, the ultimate parent company, "has a private equity sponsor as its majority owner." (*Id.* at 2.) Defendant's Chief Legal Officer attests that he is "unable to identify the ownership structure of that entity or the multitude of individuals who maintain an ownership position in that entity through their various entities." (*Id.*) As a result, Defendant now submits "that complete diversity cannot be established," so the Court lacks subject-matter jurisdiction under § 1332.

Like Plaintiff, the Court finds the timeline of Defendant's sudden discovery of this information about its own entity structure entirely suspect. Curiously, Defendant's (rather vague) Notice of Jurisdictional Defect was filed on the heels of the Court's Order Denying Defendant's Motion to Compel Arbitration. (*See* ECF Nos. 32, 35.) And in that Order, the Court cited several authorities from other jurisdictions involving Defendant

3

and its affiliates, including UA Holdings, LLC.  *See, e.g., Sugar Land Urban Air, LLC v. Lakhani,* 2022 WL 904776, at *1 (Tex. App.—Texarkana Mar. 29, 2022).  The Court takes particular note that Defendant's Chief Legal Officer is also, by his own representation, the Chief Legal Officer of UA Attractions, LLC's "parents, affiliates, and subsidiaries."  (ECF No. 42-1 at ¶ 1.)[1]  Yet, Defendant would have the Court believe that it was unfamiliar with its own entity structure at the time of removal?  To be sure, these circumstances surrounding Defendant's removal and, now, its request to undo that removal through its remand Motion, strongly suggest to the Court that UA Attractions is engaged in transparent forum shopping.

The Court is also wholly unconvinced by Defendant's conclusory representation that the information needed to verify the citizenship of its unidentified private equity sponsor is simply unattainable.  Defendant describes no reasonable efforts it undertook to even attempt to obtain that information, nor any particular reason it would be impracticable to review it.

Notwithstanding, the Court does not consider it in the interests of justice to order Defendant to conclusively demonstrate diversity jurisdiction is absent, as Plaintiff suggests.  "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."  *Fajen v. Foundation Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . .").  Thus, the Court "must presume no

---

[1] Plaintiff also represents in her response that "Defendant's counsel informed Plaintiff's counsel that they have previously represented Defendant (and/or affiliates of Defendant) in various cases across the country."  (ECF No. 44 at 3.)

jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher,* 840 F.3d at 1189. Defendant has made no such showing here. And strictly speaking, there is at this point no longer any party seeking to invoke federal jurisdiction. Accordingly, under the circumstances, the law clearly favors remand.

The remand statute does, however, permit the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Tenth Circuit has instructed that "[n]o showing of bad faith is necessary to justify the award." *Topeka Housing Authority v. Johnson,* 404 F.3d 1245, 1248 (10th Cir. 2005). Rather,

> [t]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (cleaned up). Stated another way, an award of fees under § 1447(c) requires "a showing that the removal was improper *ab initio*." *Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1352 (10th Cir. 1997).

Defendant argues it "removed based on a reasonable belief that complete diversity existed at the time of removal." (ECF No. 45 at 5.) It explains that "Plaintiff's own Complaint alleged UA was a Texas LLC, and nothing in the initial record at that time identified any non-diverse member—or suggested that UA would be unable to confirm diversity through reasonable inquiry." (*Id.*) According to Defendant, it only "later determined that it could not ascertain the citizenship of all ultimate members due to the opaque structure of the private-equity sponsor at the top of the chain," at which

5

point "Rule 7.1 disclosures became unsupportable." (*Id.*)

But Plaintiff's allegation that "UA was a Texas LLC" was never sufficient to demonstrate complete diversity because, as Defendant now acknowledges, its citizenship has always been predicated on that "of all its members." *Siloam Springs Hotel,* 781 F.3d at 1234. As a result, Defendant's Notice of Removal was defective from the start to the extent it asserted only that "UA resides in the state of Texas" because it "is a limited liability corporation organized under the laws of Texas [] with its principal place of business in Texas." (ECF No. 1 at 2.) What's more, Defendant's Rule 7.1 disclosure statement, which it has not filed to date, was due "when the action is . . . removed to federal court." Fed. R. Civ. P. 7.1(a)(2)(A). Had it timely filed its disclosures, perhaps it would have come to realize much sooner that complete diversity could not be established.

"It is troubling, to say the least, that [Defendant]," by its own explanation, "completely failed to investigate the citizenship of the members of the limited liability company parties before filing [its] notice of removal." *Enserco Energy, LLC v. Baugues,* 2014 WL 3767060, at *3 (D. Colo. July 31, 2014). That failure is particularly egregious here given Defendant's specific blunder was its failure to investigate *its own* entity members. Considering all the foregoing, the Court finds there was no objectively reasonable basis for removal on the face of Defendant's Notice of Removal, and Plaintiff shall thus be entitled to recover her "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

As for the extent and scope of that award, Plaintiff submits that Defendant should be required to "pay Plaintiff's fees and costs incurred in litigating this matter in this Court

6

for the past six months." (ECF No. 44 at 6.)  The Court is fully persuaded that any fees and costs related to Defendant's Notice of Jurisdictional Defect and Motion to Remand would include those "incurred as a result of the removal."  In other words, the Court finds that Plaintiff is entitled to be compensated for all reasonable attorney's fees and costs reasonably incurred as a result of the briefing attendant to UA Attraction's efforts to return this case to the Arapahoe County District Court.

But this Court is undecided at this time whether such fees should fairly include Plaintiff's fees and costs incurred in connection with other matters taken up in this Court, such as the briefing regarding Defendant's Motion to Compel Arbitration.  To the extent the parties are unable to reach an agreement on the scope of fees and costs incurred "as a result of the removal," as directed below, they may brief such matters in conjunction with Plaintiff's fee application.

### III. CONCLUSION

For all the reasons set forth above, the Court ORDERS as follows:

1.      Defendant's Motion to Remand (ECF No. 42) is GRANTED;

2.      Pursuant to 28 U.S.C. § 1447(c), the Court FINDS that Plaintiff is entitled to payment of its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal";

3.      The parties are encouraged to confer in good faith and reach an agreement as to the amount of Plaintiff's recoverable fees and costs to the extent possible.  In the event they are unable to reach consensus, however, Plaintiff's fee application, including the necessary supporting documentation, shall be filed by no later than **May 22, 2026**.  Defendant may file a response by no later than **June 5, 2026.**

Plaintiff may file a reply by no later than **June 15, 2026.**

4.    In accordance with 28 U.S.C. § 1447(c), the Clerk of Court is DIRECTED

to mail a certified copy of this Order of remand to the clerk of the Arapahoe County

District Court, from which this action was originally removed.

Dated this 1st day of May, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge

8