**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 25-cv-2933-WJM-CYC

ALISHA YORK, as natural mother of
a minor on behalf of C.Y.,

Plaintiff,

v.

UA ATTRACTIONS, LLC,

Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

---

Before the Court is Plaintiff Alisha York's Motion for Attorneys' Fees (the "Motion"). (ECF No. 48.) Defendant UA Attractions, LLC ("UA") filed a response (ECF No. 50), to which Plaintiff filed a reply (ECF No. 51).

For the reasons set forth below, the Motion is granted in part and denied in part.

## I. ANALYSIS

In its Order remanding this action to state court, the Court also ruled that Plaintiff would be entitled to recover her "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c). (*Id.* at 7.) It noted such amounts would include any fees and costs Plaintiff incurred in connection with Defendant's Notice of Jurisdictional Defendant and Motion to Remand but expressly left open the question of whether the scope of fees "incurred as a result of the removal" would fairly include "other matters taken up in this Court, such as the briefing

regarding Defendant's Motion to Compel Arbitration." (*Id.*)

In the fee application now before the Court, Plaintiff requests an award of $29,045 in attorneys' fees and $9.11 in costs. (ECF No. 48 at 9.) As categorized by Plaintiff, such fees include (1) $7,742.50 in fees incurred "directly related to the removal"; (2) $7,855 in fees related to Defendant's Motion to Compel Arbitration; (3) $7,757.50 in fees "related to [] conferences with the Court, the scheduling order, and conferences/conferral with counsel pursuant to Fed. R. Civ. P. 26(f)"; and (4) $5,690 in fees incurred drafting the Motion. (*See generally id.*) Together, these fees represent the bulk of *all* fees Plaintiff has incurred litigating this action since Defendant removed the case to federal court. (*See id.* at 9 ("Plaintiff has incurred at least $34,859.11 on this federal court litigation.").)

Plaintiff argues the Court should award her more than those fees she has identified as "directly related to the removal" because it has "wide discretion" to award fees under § 1447(c) and awarding such fees would serve the legitimate purpose of "deter[ring] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Corp.,* 546 U.S. 132, 135, 140 (2005). But, in the Court's view, the authorities relied upon by Plaintiff more directly speak to the threshold question of *whether* an award of attorney's fees under § 1447(c) is appropriate in the first instance. The Court has already resolved that question. At this stage, the narrow question before it is what fees can be fairly characterized as those "incurred as a result of removal."

To inform its resolution of this question, the Court looks to *Huffman v. Saul Holdings Ltd. P'ship,* 262 F.3d 1128 (10th Cir. 2001). There, the Tenth Circuit held "that

the statute's limit on actual fees to those 'incurred as a result of removal' requires the district court to conduct some sort of reasonableness inquiry." *Id.* at 1135. It further noted that, "[t]o be compensable, [a movant's] fees must be actually 'incurred,' that is, *they must reflect efforts expended to resist removal.*" *Id.* (emphasis added). Lastly, it instructed that "unreasonably high fees are not 'incurred' as a result of removal; rather, excessive fee requests flow from, and accumulate by means of, improper billing practices, and will not be recoverable under § 1447(c)." *Id.* Former Judge Christine M. Arguello of this District thus synthesized this "*Huffman* test" as requiring courts to "'ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable' in that (1) the time entries are reasonable, (2) the billing practices are reasonable, and (3) the billing reflects efforts to resist removal." *Franklin D. Azar Assocs., P.C. v. Farmers Ins. Exch.,* 2013 WL 5430779, at *3 (D. Colo. Sept. 26, 2013) (quoting *Huffman,* 262 F.3d at 1134).

The Court begins with the third requirement first, *i.e.,* whether Plaintiff's requested fees "reflect efforts expended to resist removal." *Huffman,* 262 F.3d at 1135. Defendant does not appear to dispute that Plaintiff's fees incurred "directly related to the removal" and in preparing the Motion are "potentially recoverable categories." (ECF No. 50 at 5–6.) However, it argues that Plaintiff's fees associated with the motion to compel arbitration, scheduling, and case management do not fall within the ambit of § 1447(c). The Court agrees with Defendant.

At the outset, the Court acknowledges that Plaintiff has cited the decisions of other district courts that have been willing to award a more expansive scope of fees under § 1447(c), including fees incurred in connection with scheduling matters, *Shooter*

*Const. Co. v. Wells Fargo Ins. Servs. USA, Inc.,* 2011 WL 6339680, at *2 (S.D. Ohio Nov. 28, 2011); and the "investigation" of substantive legal issues that arguably "would have been litigated regardless of the forum," *Kaiser Foundation Health Plan, Inc v. Cal. Prof'l Firefighters Ins. Tr.,* 1994 WL 90246, at *4 (N.D. Cal. Mar. 1, 1994). All of Plaintiff's cited authorities, however, come from outside this Circuit and, as a result, do not apply the fairly restrictive standard set forth in our Circuit's binding decision in *Huffman*.

By contrast, district courts in this Circuit have been more reluctant to award fees for time spent on "ordinary litigation task[s] that would have been incurred regardless of forum." *See, e.g., Peoria Tribe of Indians of Okla. v. Campbell,* 2022 WL 3337276, at *3 (N.D. Okla. June 15, 2022) (excluding time spent "reviewing answers, preparing initial disclosures, and handling certain media-related matters"); *Progressive Direct Ins. Co. v. Gerken,* 2020 WL 6047592, at *4 (D.N.M. Oct. 13, 2020) (declining to award fees related to motion to dismiss based on the statute of limitations); *Fed. Nat'l Mortg. Ass'n v. Sechrist,* 2012 WL 4511276, at *2 (D. Colo. Oct. 2, 2012) (declining to award fees and costs incurred responding to motions to dismiss that would have been filed in state court had the case not been removed, with the exception of minimal fees for time counsel spent familiarizing themselves with federal pleading standards).

The Court acknowledges Plaintiff's argument that Defendant will likely seek to re-litigate the denial of its motion to compel arbitration in state court, and the Court has made its opinion of Defendant's "transparent forum shopping" quite clear. (ECF No. 47 at 4.) Plaintiff's prediction of duplicative efforts, however, does not persuade the Court to conclude that she would not have incurred fees litigating arbitration or attending to

scheduling matters had the case remained in state court. As a result, Plaintiff's recoverable fees under § 1447(c) are limited to those she has categorized as "directly related to removal" and those incurred briefing the Motion.

This said, a separate issue plagues Plaintiff's request to recover fees incurred in connection with her fee application. In the Motion, Plaintiff stated her counsel had billed $5,690 in fees preparing the Motion to date, and that "[a]dditional fees are anticipated for the reply brief and any required hearing." (ECF No. 48 at 8.) The only supporting documentation the Court has before it evidencing such fees, however, is the declaration of attorney Jason Wesoky, who simply, and conclusorily, states fees incurred in connection with the Motion total $5,690.00 and that he estimates "future fees and expenses" will be "at least an additional $8,500 in fees if a hearing is required." (ECF No. 48-2 at ¶¶ 19, 23.)

While Federal Rule of Civil Procedure 54(d)(2)(B) may permit a motion for attorney's fees to contain a "fair estimate" of the amount sought, this District's Local Rules require "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." D.C.COLO.LCivR 54.3(b)(2). Consistent therewith, the Court's May 1, 2026 Order set a deadline for "Plaintiff's fee application, *including the necessary supporting documentation*." (ECF No. 47) (emphasis added). The Court is perplexed by Plaintiff's failure to append even partial billing records evidencing her actual fees incurred in connection with the Motion to either her opening brief *or* her reply. As a consequence, it declines to award Plaintiff her fees incurred briefing the Motion.

The Court is thus left to consider only the reasonableness of Plaintiff's fees

incurred "directly related to removal," which total $7,742.50. Defendant contends that Plaintiff's "billing records reflect block-billed entries combining multiple tasks, entries that mix jurisdictional work with merits-related activity, and instances where multiple timekeepers billed for the same task without differentiation." (ECF No. 50 at 5.) It also argues that Plaintiff inappropriately seeks to recover "time reflect[ing] administrative or clerical work that is not compensable under the governing standard." (*Id.* at 6.) As a result of these deficiencies, Defendant submits a 30 to 50% reduction is warranted. (*Id.* at 7.)

Defendant, notably, has not identified any specific time entries it believes illustrate the above-described time record deficiencies. Nevertheless, based on the Court's independent review of Plaintiff's counsel's billing records, it agrees that the time entries Plaintiff has identified as "directly related to removal" include time spent on clerical and administrative tasks, such as filling documents on CM/ECF and calendaring court deadlines. (ECF No. 48-3 at 1.) To a lesser degree, the Court also agrees that Ogborn Mihm's billing records reflect a modest amount of block billing. (*See generally id.*) In the Court's view, Defendant's proposed reduction of 30–50% too severe a sanction to rectify these issues, and it will instead reduce Plaintiff's recoverable fees by 10%. *Cf. Sant v. Liberty Mut. Ins. Co.,* 2021 WL 4444812, at *3 (D.N.M. Sept. 28, 2021) (reducing fee award under § 1447(c) for use of block billing and to "remove claims for clerical and administrative tasks").

Thus, Plaintiff shall be entitled to recover her attorney's fees in the amount of **$6,968.25** and costs in the amount of **$9.11**.

## II. CONCLUSION

For all the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Attorneys' Fees (ECF No. 48) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff is AWARDED attorney's fees and costs pursuant to § 1447(c) in the total amount of **$6,977.36**;

3. Defendant is ORDERED to make such payment in full to Plaintiff by no later than **September 18, 2026**; and

4. The Clerk of Court is DIRECTED to TERMINATE this action.

Dated this 27th day of August, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge